U.S. Magistrate Judge Brian A. Tsuchida

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ17-354 |
| Plaintiff, | COMPLAINT for VIOLATION |
| v. | Title 21, U.S.C. |
| TROY R. JOHNSON, | Sections 841(a)(1), (b)(1)(A), and Title 18, U.S.C. Section 2 |
| Defendant. | |

BEFORE, Brian A. Tsuchida, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## <u>COUNT ONE</u>

### Possession of Methamphetamine with Intent to Distribute

On or about August 24, 2017, in Snohomish, Snohomish County, within the Western District of Washington, and elsewhere, the defendant, TROY R. JOHNSON did knowingly and intentionally possess, and did aid and abet the possession of, with the intent to distribute, methamphetamine, a controlled substance under Title 21, United States Code, Section 812.

COMPLAINT/TROY JOHNSON- 1
MJ17-354

1   It is further alleged that the offense involved five-hundred (500) grams or more of

2   a mixture or substance containing a detectable amount of methamphetamine, its salts,

3   isomers and salts of its isomers and/or fifty (50) grams or more of actual

4   methamphetamine, its salts, isomers and salts of its isomers.

5   All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)

6   and Title 18, United States Code, Section 2.

7   And the complainant states that this Complaint is based on the following

8   information:

9   I, Kevin Palermo, being first duly sworn on oath, depose and say:

10   **I.    INTRODUCTION**

11   1.    I am employed as a Special Agent (SA) with the United States Drug

12   Enforcement Administration (DEA), and have been so employed since August 2016.  I

13   am currently assigned to the Seattle Field Division.  In this capacity, I investigate

14   violations of the Controlled Substance Act, Title 21, United States Code, Section 801 et

15   seq., and related offenses.  I have received specialized training in the enforcement and

16   investigation of the Controlled Substance Act.  I have received over 620 hours of

17   classroom training including but not limited to, drug identification, drug interdiction,

18   detection, money laundering techniques and schemes, smuggling, and the investigation of

19   individuals and/or organizations involved in the illegal possession, possession for sale,

20   sales, importation, smuggling, cultivation, manufacturing and illicit trafficking of

21   controlled substances.

22   2.    In my role as a Special Agent for the Drug Enforcement Administration.  I

23   have participated in narcotics investigations (i.e. heroin, cocaine, marijuana, and

24   methamphetamine) which have resulted in the arrest of individuals and the seizure of

25   illicit narcotics and/or narcotic-related evidence and the forfeiture of narcotics related

26   assets.  I have been involved in the service of search warrants as part of these

27   investigations.  Because of my experience in serving these search warrants, I have

28   encountered and have become familiar with various tools, methods, trends, paraphernalia

1    and related articles utilized by various traffickers in their efforts to import, conceal, and

2    distribute controlled substances.  I am also familiar with the various methods of

3    packaging, delivering, transferring, and laundering drug proceeds.  Additionally, through

4    my training and experience, I can identify illegal drugs by sight, odor, and texture.

5         3.       Prior to becoming a DEA Special Agent, I was employed as a Police

6    Officer in the Village of Lincolnshire in Lake County, Illinois from December 2014 to

7    August 2016.  In that capacity, I was responsible for providing and promoting public

8    safety  in the Village of Lincolnshire and the State of Illinois by  maintaining order,

9    responding to emergencies, protecting people and property, and enforcing criminal and

10   motor vehicle laws.  During this time, I was involved in investigations of criminal

11   offenses including, but not limited to narcotics, identity theft, burglary, fraud, DUI, theft,

12   and domestic violence.

13        4.       Additionally, I have written investigative reports, and conducted and

14   participated in numerous interviews of drug traffickers of various roles within drug

15   organizations, which has provided me with a greater understanding of the methods by

16   which Mexico based drug trafficking organizations operate.

17        5.       This complaint is submitted to establish probable cause for the arrest of

18   TROY R. JOHNSON for possession of methamphetamine with intent to distribute it in

19   violation of Title 21 of the United States Code.  Given that limited purpose, this

20   complaint does not contain all of the facts known to me regarding this investigation.  This

21   affidavit is intended to show merely that there is a sufficient factual basis for a fair

22   determination of probable cause to support the Complaint.  All times listed herein are

23   approximate.

24        6.       This investigation is being conducted by Seattle Police Department (SPD)

25   with the assistance of the DEA and the Snohomish Regional Drug Gang Task Force.

26   Beginning in May of 2017, a Confidential Source informed investigators of a heroin and

27   methamphetamine redistributor located in Snohomish County, Washington. After further

28   investigation by law enforcement, the Confidential Source identified the heroin and

COMPLAINT/TROY JOHNSON- 3
MJ17-354

1   methamphetamine redistributor as Troy JOHNSON, who according to Washington State

2   Department of Licensing Records resides at 15315 Brookside PL, Snohomish,

3   Washington.  At the direction of Seattle Police Department Confidential Sources made

4   several controlled purchases of heroin and methamphetamine from JOHNSON both in

5   public and at his residence. Subsequent to the controlled purchases, SPD was granted a

6   state court search warrant for JOHNSON's residence.

7   **II.    SEARCH WARRANT AT JOHNSON'S RESIDENCE AND INTERVIEW**

8   **OF JOHNSON**

9        7.      On August 24, 2017, I participated in the execution of a search warrant at

10  the residence of Troy JOHNSON located at 15315 Brookside Place, Snohomish,

11  Washington.  Prior to the execution of the search warrant JOHNSON was contacted at his

12  front door by Snohomish County Nuisance Detectives.  JOHNSON was asked to step

13  outside, and once he was outside of the house JOHNSON was placed in handcuffs and

14  detained.  Once JOHNSON was detained, the search warrant team executed the search

15  warrant on the interior of the residence while other officers and I secured the surrounding

16  property.  During the initial sweep of the residence and property, no other individuals

17  were present.

18       8.      Prior to a search of the residence JOHNSON was asked if there were any

19  narcotics in the residence, JOHNSON stated there would be approximately 10 ounces of

20  methamphetamine in a safe located in his bedroom for personal use.[1]  JOHNSON was

21  asked about any firearms in the house, to which JOHNSON denied owning any firearms.

22       9.      A search was then conducted entire residence.  In the first room, located

23  inside the front door, and investigator located a .22 caliber rifle with a barrel that

24  appeared to cut to a shorter length.  The rifle was concealed inside a purple suitcase.   In

25

26

27  ────────────────

28  [1] I know, based on my training and experience, that 10 ounces of methamphetamine is far more than a personal use
    quantity.

COMPLAINT/TROY JOHNSON- 4                                              UNITED STATES ATTORNEY
MJ17-354                                                              700 STEWART STREET, SUITE 5220
                                                                      SEATTLE, WASHINGTON 98101
                                                                      (206) 553-7970

1   the back bedroom, believed to be utilized by JOHNSON[2], investigators found a loaded

2   firearm, a KelTec .32 Caliber pistol, on the nightstand next to the bed as well as two

3   compact bows, and approximately fifteen (15) knives/blades hidden throughout the room.

4   Upon further searching, investigators located three (3) safes in the bedroom.  Inside one

5   of the safes, investigators located approximately one pound of suspected

6   methamphetamine (this later field-tested positive for the presence of methamphetamine).

7        10.     Upon further searching of the bedroom, an investigator located a black

8   backpack beneath the mattress.  Inside the backpack an additional pound of suspected

9   methamphetamine (this later field-tested positive for the presence of methamphetamine),

10   approximately 8.8 grams of cocaine (this later field-tested positive for the presence of

11   cocaine), and a large sum of United States Currency (USC) was found rolled and banded

12   in bundles[3].  The total amount of methamphetamine found was approximately 942.3

13   grams.  The total amount of cocaine found was approximately 8.8 grams. And the total

14   amount of USC found was $33,153.00[4][5].

15        11.     Based on my training and experience, I know that 942.3 grams of

16   methamphetamine is far greater than a user would have for personal consumption.

17   Rather, such an amount is typically held for further distribution.  Furthermore, based on

18   my training and experience, I know drug dealers commonly conceal their proceeds, and

19   wrap it in a distinct fashion for easier concealment.  Based on the amount of USC found,

20   how the USC was concealed beneath a mattress, the fashion in which the USC was

21   wrapped and banded, and the fact the USC was located in the same bag as narcotics, I

22   believe the USC found to be narcotics proceeds.

23

24

25   [2] During the search of the bedroom investigators located several personal items belonging to JOHNSON,
JOHNSON's wardrobe (including a shirt Johnson wore while being observed on surveillance), personal

26   correspondences addressed to JOHNSON, JOHNSON's expired driver's licenses, and bills in JOHNSON's name.

27   [3] Based on my training and experience I know this is a common technique used to by drug dealers to better conceal
and store drug proceeds

28   [4] A count of the USC was conducted by investigators of SPD at the residence.
[5] SPD collected and maintained complete care and custody of all drug and non-drug evidence

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.     Investigators and I transferred JOHNSON to a DEA prisoner processing facility in Seattle, Washington where JOHNSON was processed.  JOHNSON was read his *Miranda* rights and acknowledged he understood his rights and knowingly waived those rights; JOHNSON also signed a written consent form in which he again acknowledged that he understood his *Miranda* rights and in which he knowingly waived those rights.  JOHNSON agreed to be interviewed, but declined to have his interview recorded.  During the interview, JOHNSON admitted to regularly acquiring large amounts of methamphetamine for resale.  He further admitted that much of the USC found in his residence was from the sale of controlled substances.

13.     Following his interview, JOHNSON was booked into SeaTac Federal Detention Center pending his initial appearance.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT/TROY JOHNSON- 6
MJ17-354

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.   **CONCLUSION**

Based on the above facts, I respectfully submit that there is probable cause to believe that Troy R. JOHNSON knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts or its isomers or 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts or its isomers; a controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

KEVIN PALERMO
SPECIAL AGENT, DEA


Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.


Dated this 25<u>th</u> day of August, 2017.

THE HON. BRIAN A. TSUCHIDA
United States Magistrate Judge

COMPLAINT/TROY JOHNSON- 7
MJ17-354

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970